UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY L. HOLT (1), and<br>DEZMONIQUE D. TENZSLEY (2),<br><br>Defendants. | NO: 2:22-CR-0157-TOR-1 & 2<br><br>ORDER ON MOTIONS FOR MISCELLANEOUS RELIEF |

BEFORE THE COURT is Defendant Dezmonique D. Tenzsley's Amended Motion(s) for Miscellaneous Relief (ECF No. 117) and Defendant Zachary L. Holt's Motion for Joinder (ECF No. 115). These matters were submitted for consideration at the Pretrial Conference on June 28, 2023. Bevan J. Maxey appeared on behalf of Defendant Tenzley. Robert M. Seines appeared on behalf of Defendant Holt. Richard R. Barker appeared on behalf of the Government. Defendants were not present. The Court proceeded with the Pretrial Conference without Defendants as the hearing solely involved questions of law. Fed. R. Crim.

ORDER ON MOTION(S) FOR MISCELLANEOUS RELIEF ~ 1

P. 43(b)(3). The Court reviewed the record and files herein, heard from counsel, and is fully informed. This order supplements and memorializes the Court's oral ruling.

## BACKGROUND

On March 8, 2023, the grand jury returned a Superseding Indictment against Defendants, charging First Degree Murder in Indian Country (Counts 1–2), Felony Murder in Indian Country (Counts 3–4), Murder Resulting from Discharging and Using a Firearm During and in Relation to a Crime of Violence (Counts 5–6), Attempted Robbery in Indian Country (Count 7), Attempted Murder of a Federal Officer (Count 8), Assault on a Federal Officer (Counts 9–10), Discharge of a Firearm During a Crime of Violence (Count 11), Felon in Possession of Ammunition as to Defendant Tenzsley (Count 12), Felon in Possession of a Firearm and Ammunition (Count 13), Possession of Stolen Ammunition (Count 14), and Forfeiture Allegations. ECF No. 85.

## DISCUSSION

### I. Motion to Dismiss

Defendant Tenzsley moves to dismiss Counts 1 and 2 of the Superseding Indictment under Rule 12(b)(1) for lack of evidence. ECF Nos. 117 at 1–2, 121 at 2. The Government opposes this motion, contending that the argument is at the very least premature. ECF No. 119 at 17.

A party may file a pretrial motion on any issue that a court can determine without a trial on the merits. Fed. R. Crim. P. 12(b)(1). Issues that may be determined without a trial generally involve law rather than fact. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). A Rule 12(b) motion is premature where it amounts to a challenge to the Government's ability to prove a material element of an offense. *Id.* at 669–70.

Defendant Tenzsley contends there is no evidence or testimony that he unlawfully killed a human being with malice aforethought pursuant to 18 U.S.C. §§ 1111, 1152, 1153, 2. ECF No. 117 at 2. Tenzsley asserts that the evidence outlined by the Government show that he "was only aiding and abetting the robbery that was part of the plan." ECF No. 121 at 2. Alternatively, Tenzsley requests that if the Court is unable to make a finding today, that the issue may be raised at the next pretrial conference. *Id.* at 3. The Government contends that the factual disputes as to Tenzsley's state of mind must be decided by a jury.

As discovery is ongoing and this factual challenge goes directly to a material element the Government must prove at trial, this motion is premature. Accordingly, this motion is denied.

## II. Motion to Compel Discovery

Defendants move to compel discovery, including forensic reporting, grand jury materials, and certain *Giglio* materials. ECF No. 117 at 2–3. Defendants

request the Court compel the Government disclose this evidence within 60 days. *Id.* The Government contends this motion is unnecessary where the Government is not withholding material, and will provide such material as it becomes available – either thirty days before trial or pursuant to an agreed-upon scheduling order. ECF No. 119 at 14.

At the hearing, the parties acknowledged there is currently no withheld evidence or dispute over evidence subject to disclosure. The Court encouraged the Government to promptly turn over the requested material as it becomes available, including the type of evidence that is currently being processed in the laboratory. The Court notes that the Government is subject to a continuing duty to disclose the existence of evidence that is subject to discovery or inspection. LCrimR 16(c). Accordingly, this motion is denied.

### III. Motion to Sever

Defendant Tenzsley asks this Court to sever the joint trial with Defendant Holt based on his Sixth Amendment right to confront his accuser. ECF No. 117 at 4. The Government contends that the Confrontation Clause is not implicated under these circumstances. ECF No. 119 at 19.

A court may sever a trial between codefendants if it appears a joint trial "would prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The federal system favors joint trials for jointly-indicted defendants. *Zafiro v. United*

*States*, 506 U.S. 534, 537 (1993). Thus, severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

"[A] defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *Richardson*, 481 U.S. 200, 207 (1987) (citing *Bruton v. United States*, 391 U.S. 123 (1968)). In the Ninth Circuit, only testimonial codefendant statements are subject to the federal Confrontation Clause limits established in *Bruton*. *Lucero v. Holland*, 902 F.3d 979, 989 (9th Cir. 2018). In *Lucero*, a jailhouse note was "not 'testimonial' under any plausible understanding of that term. The [note] was not functionally identical to live, in-court testimony,' … and it did not 'have the primary purpose of assisting in the defendant's prosecution.'" *Id.* at 989 (citations and brackets omitted).

Here, Defendant Holt gave a fellow prisoner an account of the alleged events that occurred on October 20, 2022. ECF No. 117 at 4 (citing ECF No. 114). Holt's recounting of events to a fellow inmate was not "functionally identical to live, in-court testimony" that had "the primary purpose of assisting in [Tenzsley's] prosecution." *Lucero*, 902 F.3d at 989. As the statements do not implicate the

Confrontation Clause, the Court declines to sever the joint trial. Fed. R. Crim. P. 14(a); *Zafiro*, 605 U.S. at 539.

Alternatively, Tenzsley asks the Court to redact the statements of the inmate to remove both his name and any reference to him. ECF No. 121 at 5. However, redaction is generally applicable if the testimonial statement would otherwise violate the Confrontation Clause. *See Samia v. United States*, 599 U.S. ----, (June 23, 2023); *Lucero*, 902 F.3d at 987. As that is not the case here, redaction is not warranted based on the nontestimonial nature of the statements. However, the Court will entertain arguments as to whether the statements are otherwise admissible under the Federal Rules of Evidence. Accordingly, this motion is denied.

## IV. Motion to Continue

A jury trial is scheduled to begin on July 10, 2023. Defendants now move, unopposed by the government, to continue the trial date. Tenzsley asks for a trial date in November 2023. ECF No. 117. Holt asks for a trial date no later than September 5, 2023. ECF No. 116 at 1. At the hearing, Counsel noted that while Holt prefers a September trial date, Holt's Counsel acknowledged that he would not be ready to proceed at that time, and consequently agreed to a November date.

In support of the motion, Defendants explain additional time is necessary to prepare for trial, including the time required to receive the outstanding evidence.

The Court also notes this matter was previously declared complex. Holt executed a waiver of his speedy trial rights, ECF No. 116, and at the hearing, Counsel were directed to provide Defendants with updated Speedy Trial Waiver forms. The Court finds that Defendants require additional time to investigate and prepare for trial, taking into account the exercise of due diligence, and that their interests would not be adequately represented without a continuance. Accordingly, the motion is granted.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant Dezmonique D. Tenzsley's Motion(s) for Miscellaneous Relief (ECF No. 113) is **DENIED as moot**.

2. Defendant Zachary L. Holt's Motion for Joinder (ECF No. 115) is **GRANTED in part** and **DENIED in part**.

3. Defendant Dezmonique D. Tenzsley's Amended Motion(s) for Miscellaneous Relief (ECF No. 117) is **GRANTED in part** and **DENIED in part**.

4. The Court sets additional pretrial conferences for **August 23, 2023 at 10:30 a.m.** and **October 26, 2023 at 10:30 a.m.** to address any other pretrial motions. All pre-trial motions, including motions in limine and *Daubert* motions, shall be filed and served on or before 2-weeks prior to each Pretrial Conference and noted for hearing at the pretrial conference.

Any response to a pre-trial motion shall be filed and served in accordance with Local Rule 7. If the Court determines an evidentiary hearing is appropriate, the Court will notify the parties of the date and time for such hearing.

5. The jury trial currently scheduled for July 10, 2023, is vacated and continued to **November 6, 2023**, **at 8:30 a.m.**, in Spokane Courtroom 902. Counsel shall appear in court at 8:30 a.m. on the first day of trial to address any pending pretrial issues. Jury selection will begin promptly at 9:00 a.m. Trial briefs, proposed voir dire, jury instructions, verdict forms, <u>exhibit lists, and expert witness lists</u> shall be filed and served by all parties on or before **seven (7) calendar days** prior to trial.

6. Pursuant to 18 U.S.C. § 3161(h)(7)(B), the Court excludes the time between June 7, 2023, until November 6, 2023, for purposes of computing time under the Speedy Trial Act. The Court finds that the ends of justice served by such a continuance outweigh the interests of the public and Defendants in a speedy trial.

7. Counsel are directed to promptly provide Defendants with updated Speedy Trial Waiver forms, advise them of their rights and file the executed forms forthwith in the Court record.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and provide copies to counsel, the United States Probation Office, and the United States Marshal's Service.

DATED June 28, 2023.



THOMAS O. RICE
United States District Judge